**07 CV 3751**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEN KNIGHT

                Plaintiff,

- against -

MARIO LAVANDEIRA a/k/a PEREZ HILTON

                Defendant.

------------------------------------------------------------------x

**JUDGE SAND**

**COMPLAINT**

**JURY TRIAL DEMANDED**

RECEIVED MAY 1 1 2007 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, KEN KNIGHT by his attorney, Edward C. Greenberg, alleges as follows:

**PARTIES**

1. Plaintiff, KEN KNIGHT (hereinafter "KNIGHT") is a resident of the state of Louisiana, residing at 2020 Washing Street, Franklinton, Louisiana, 70438.

2. Defendant, MARIO LAVANDEIRA a/k/a PEREZ HILTON (hereinafter "LAVANDEIRA") is, upon information and belief, a resident of the state of California, residing at 8174 Sunset Blvd. Suite #993, Los Angeles, CA 90046.

3. LAVANDEIRA is, upon information and belief, doing business in the state of California, and worldwide via the internet, under the name Perez Hilton as the sole owner and operator of the Internet website located at http://www.perezhilton.com.

**JURISDICTION AND VENUE**

4. This is a civil action for copyright infringement.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1338.

6. The Southern District of New York is a proper venue pursuant to 28 U.S.C. § 1391 as defendant does a significant amount of business in New York City.

## FACTS COMMON TO ALL CLAIMS

7. That plaintiff, KNIGHT, is a professional photographer with many years of experience.

8. On or about March 9, 2000, the plaintiff created an image of one Jason Allen Alexander. A copy of said image is attached hereto as "Exhibit A".

9. That plaintiff retained sole copyright in the subject image and registered the image on January 9, 2004. A copy of the registration, numbered Vau 596-505, is attached hereto as "Exhibit B".

10. The copyright and registration in the image relevant herein belong to the plaintiff and no transfer, sale or assignment of same has taken place.

11. At approximately 5:30 A.M. on January 3rd 2004, internationally known pop performer Britney Spears married Mr. Alexander in a Las Vegas chapel. Said marriage was annulled some 55 hours later.

12. Spears' marriage quickly became public and was reported via numerous newspapers, media outlets and publications. There was instant and significant demand within the publicity, news and entertainment industries for photographic images of "Mr. Britney", to wit, Mr. Alexander.

13. That, unlike Ms. Spears, Mr. Alexander was not a well known person, celebrity or public figure at the time of the marriage.

14. That images of Ms. Spears which involve or reflect upon her personal live have previously been the cause of bidding wars among rival celebrity publications seeking to acquire the exclusive right to publish said images. Ms. Spears is among the most photographed person in the world and photos incorporating her likeness and/or

those whose lives intersect with hers are routinely licensed and/or sold for significant fees worldwide. Many of those images are repeatedly licensed and fees are earned in consideration thereof.

15. To date, the plaintiff has not made the subject image available to any photographic stock agency or otherwise initiated third party licensing of the subject image.

16. That upon information and belief, perezhilton.com is one of the largest celebrity gossip websites on the World Wide Web. On March 5, 2007 the publication "PC World" named perezhilton.com's founder, defendant LAVANDEIRA, the "41st most important person on the web" (a copy of this article is attached hereto as "Exhibit C").

17. In a November 30, 2006, post on Perezhilton.com LAVANDEIRA claimed to have achieved 3.97 million unique visitors to his website in a single day (a copy of this post is attached hereto as "Exhibit D") and has claimed in various sources to *average a viewership of 3 million unique visitors per day.*

18. That on or about February 26, 2007, the plaintiff's image of Jason Allen Alexander was included in post on perezhilton.com entitled "Quote of the Day." A copy of said post as it appeared on the site is attached hereto as "Exhibit E."

19. The publication of the subject image was without plaintiff's knowledge, permission, or consent.

20. That the plaintiff holds a registered copyright in his image of Mr. Alexander, to wit: VAu 596-505.

21. Plaintiff zealously protects his copyright in said image, having repeatedly instituted litigation and claims regarding infringement thereof.

22. At no time has any court of competent jurisdiction adjudicated or suggested that plaintiff's registration, solely in his name, is anything other than valid.

23. Upon information and belief, the web site operated by the defendant makes daily use of images created by third parties, without having procured licenses for the use of same.

24. It is defendant's custom and practice to harvest photos from third party web sites without attempting to ascertain the actual ownership of said intellectual property and without obtaining a license for the use of same.

25. Upon information and belief, as a result of such conduct, the defendant has on more than one occasion been contacted by copyright holders or their authorized agents demanding that it remove potentially infringing content.

26. Upon information and belief, despite being the recipient of more than one such prior notice, the defendant has utterly failed and/or willfully chosen not to put policies in place regarding rights, clearances and the licensing of photography.

27. Upon information and belief, despite being the recipient of more than one such prior notice, the defendant continues to allow its employees, agents and staff to appropriate content from third parties and directly utilize same on defendant's web site.

28. That as a result of such conduct, defendant's business model is based on a pattern of constant infringement.

29. That plaintiff and defendant do not have any business relationship whatsoever nor has defendant sought to obtain a license from plaintiff for any reason whatsoever.

30. That the subject image was directly hosted by the defendant on its website and was not displayed via a link or frame from any other website.

31. The full nature and extent of the defendant LAVANDEIRA's usage of the subject image is unknown, such information being in the sole custody, possession and control of the defendant.

32. Upon information and belief the defendant has benefited from all usage of the image and has earned revenue as a result of the publishing of plaintiff's image as "content."

## FIRST CLAIM FOR RELIEF

33. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 32 as if fully set forth herein.

34. That the publication of the subject image by the defendant constitutes federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted the plaintiff KNIGHT as copyright holder.

35. Defendant's display of the image was willful, intentional and in bad faith.

36. As a result of defendant's acts, plaintiff was and continues to be damaged in an amount as yet undetermined.

37. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et. seq., given the willful, intentional, malicious and bad faith nature of defendant's copyright infringement.

## SECOND CLAIM FOR RELIEF

38. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 37 as if fully set forth herein.

39. That the publication of the subject image by the defendant constitutes federal statutory copyright infringement under Section 501 of the Copyright Act in violation of the exclusive rights granted the plaintiff KNIGHT as copyright holder.

40. Defendant's display of the image was negligent.

41. As a result of defendant's acts, plaintiff was and continues to be damaged in an amount as yet undetermined.

42. Plaintiff is further entitled to damages, attorneys' fees and costs under Section 504 and 505 of the Copyright Act, 17 U.S.C. Section 101 et. seq., given the bad faith nature of defendant's infringement.

WHEREFORE, the plaintiff demands judgment as against the defendant as follows:

ON THE FIRST CLAIM FOR RELIEF- an award in an amount to be determined by this court, but believed to be the maximum statutory damages award in an amount of $150,000, or for such other amount as may be proper pursuant to 17 U.S.C. §504 and for an order enjoining LAVANDEIRA from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

ON THE SECOND CLAIM FOR RELIEF- an award in an amount to be determined by this court, but believed to be the maximum statutory damages award in an amount of $150,000, or for such other amount as may be proper pursuant to 17 U.S.C. § 504 and for an order enjoining LAVANDEIRA from infringing the plaintiff's copyrighted image, pursuant to 17 U.S.C. § 502 and for an award of costs and attorneys' fees pursuant to 17 U.S.C. § 505;

Prejudgment interest on all sums due;

And such other and further relief as this Court may deem just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ANY ISSUE SO TRIABLE.

Dated: New York, New York
March 30, 2007

Yours etc.

_____
EDWARD C. GREENBERG, P.C.(ECG 553)
Attorney for Plaintiff
100 Park Avenue, 33rd Floor
New York, New York 10017
Tel: (212) 697-8777