UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEN KNIGHT<br><br>                    Plaintiff,<br><br>       -against-<br><br>MARIO LAVANDEIRA a/k/a PEREZ<br>HILTON<br><br>                    Defendant. | Case No. 07 CV 3751 (LBS) |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARIO LAVANDEIRA'S MOTION TO DISMISS THE COMPLAINT

**SCHLAM STONE & DOLAN LLP**
Jeffrey M. Eilender
Cindy M. McBennett
26 Broadway
New York, New York 10004
(212) 344-5400 (telephone)
(212) 344-7677 (facsimile)

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii-vi

PRELIMINARY STATEMENT ...............................................................................2

BACKGROUND ........................................................................................................3

ARGUMENT .............................................................................................................4

I.    LEGAL STANDARD............................................................................................4

II.   PLAINTIFF'S "SUBSTITUTED SERVICE" WAS DEFICIENT AS A MATTER
      OF LAW ..........................................................................................................5

      A.    Service Under Federal Law. ....................................................................6

      B.    Service Under New York Law...................................................................6

      C.    Service Under California Law ..................................................................9

III.  THIS COURT HAS NO PERSONAL JURISDICTION OVER LAVANDEIRA ...........12

      A.    General Jurisdiction. ...............................................................................13

      B.    Specific Jurisdiction................................................................................18

      C.    Due Process...............................................................................................20

CONCLUSION.........................................................................................................21

## TABLE OF AUTHORITIES

### CASES

*ABKCO Industries, Inc. v. Lennon,*
    52 A.D.2d 435, 384 N.Y.S.2d 781 (1st Dep't 1976) ............................................. 14-15

*Acquascutum of London, Inc. v. S.S. American Champion,*
    426 F.2d 205 (2d Cir. 1970) .................................................................................. 16-17

*Anderson v. Indiana Black Expo, Inc.,*
    81 F. Supp. 2d 494 (S.D.N.Y. 2000) ......................................................................... 18

*Ascensio-Sutphen v. McDonald's Corp.,*
    16 Misc.3d 184, 838 N.Y.S.2d 403 (Sup. Ct. Bronx County 2007) ...................... 7, 8

*Bensusan Restaurant Corp. v. King,*
    126 F.3d 25 (2d Cir. 1997) ........................................................................................ 12

*Best Van Lines, Inc. v. Walker,*
    490 F.3d 239 (2d Cir. 2007) ................................................................................ 18-19

*Bonita Packing Co. v. O'Sullivan,*
    165 F.R.D. 610 (C.D. Cal. 1995) .............................................................................. 11

*Borges v. Entra America, Inc.,*
    7 Misc.3d 1032(A), 801 N.Y.S.2d 230, 2005 WL 1355144 (Civ. Ct. N.Y. City 2005) ............. 8

*Bozell Group, Inc. v. Carpet Co-Op of America Ass'n, Inc.,*
    No. 00CIV. 1248 (RWS), 2000 WL 1523282 (S.D.N.Y. Oct. 11, 2000) ................ 17

*Brought to Life Music, Inc. v. MCA Records, Inc.,*
    No. 02 CIV. 1164 (RWS), 2003 WL 296561 (S.D.N.Y. Feb. 11, 2003) .................... 14, 16-17

*Burchett v. City of Newport Beach,*
    33 Cal.App.4th 1472, 40 Cal.Rptr.2d 1, 3 (Cal. App. 4 Dist. 1995) ...................... 9, 10

*Darden v. DaimlerChrysler N. Am. Holding Corp.,*
    191 F.Supp.2d 382 (S.D.N.Y. 2002) .......................................................................... 4

*Dogan v. Harbert Const. Corp.,*
    507 F. Supp. 254 (S.D.N.Y. 1980) ............................................................................ 17

*Ellard v. Conway,*
    94 Cal.App.4th 540, 114 Cal.Rptr.2d 399 (Cal. App. 4 Dist. 2001) ......................... 11

*Espindola v. Nunez,*
    199 Cal.App.3d 1389, 245 Cal.Rptr. 596 (Cal. App. 4 Dist. 1988)......................................9-10

*Evartt v. Superior Court of Stanislaus County,*
    89 Cal.App.3d 795, 152 Cal.Rptr. 836 (Cal. App. 5 Dist. 1979)...........................................9-10

*First Capital Asset Mgmt., Inc. v. Brickellbush,*
    218 F. Supp. 2d 369 (S.D.N.Y. 2002)...................................................................... 17

*Geller Media Management, Inc. v. Beaudreault,*
    910 F. Supp. 135 (S.D.N.Y. 1996)....................................................................... 13

*Giannini v. Real,*
    711 F. Supp. 992, 15 Fed. R. Serv. 3d 559 (C.D. Cal. 1989),
    *aff'd,* 911 F.2d 354 (9th Cir. 1990)*, cert. denied,* 498 U.S. 1012 (1990) ............................. 9, 10

*Glasser v. Keller,*
    149 Misc.2d 875, 567 N.Y.S.2d 981 (Sup. Ct. Queens County 1991) ....................................... 7

*Hanson v. Denckla,*
    357 U.S. 235 (1958)........................................................................................ 18

*Hoffritz for Cutlery, Inc. v. Amajac, Ltd.,*
    763 F.2d 55 (2d Cir. 1985)........................................................................ 14, 16, 18

*Howard v. Klynveld Peat Marwick Goerdeler,*
    977 F. Supp. 654 (S.D.N.Y. 1997),
    *aff'd,* 173 F.3d 844 (2d Cir. 1999).................................................................... 4, 7

*Insurance Co. of Penn. v. Centaur Ins. Co.,*
    590 F. Supp. 1187 (S.D.N.Y. 1984)....................................................................... 17

*Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG,*
    160 F. Supp. 2d 722 (S.D.N.Y. 2001) (Sand, J.) ................................................... 14, 16, 18

*Jazini by Jazini v. Nissan Motor Co.,*
    148 F.3d 181 (2d Cir. 1998)....................................................................... 12, 15

*Kearney v. Neurosurgeons of New York,*
    31 A.D.3d 390, 817 N.Y.S.2d 502 (2d Dep't 2006) ................................................................ 8

*Kernan v. Kurz-Hastings, Inc.,*
    175 F.3d 236 (2d Cir. 1999)............................................................................... 5

*Kott v. Superior Court,*
    45 Cal.App.4[th] 1126, 53 Cal.Rptr.2d 215 (Cal. App. 2 Div. 1996) ....................................10-11

*Landoil Resources Corp. v. Alexander & Alexander Services, Inc.*,
   918 F.2d 1039 (2d Cir. 1991) .................................................................................. 16

*Laufer v. Ostrow,*
   55 N.Y.2d 305, 449 N.Y.S.2d 456 (1982) ............................................................ 15

*Lenahan Law Offices, LLC v. Hibbs,*
   No.04-CV-6376 CJS, 2004 WL 2966926 (W.D.N.Y. Dec. 22, 2004) .................... 19

*Light v. Taylor,*
   No. 05 Civ. 5003 WHP, 2007 WL 274798 (S.D.N.Y. Jan. 29, 2007).................... 19

*Mandel v. Brodsky,*
   282 A.D. 1038, 126 N.Y.S.2d 280 (1st Dep't 1953) ............................................. 8n

*Mantello v. Hall,*
   947 F. Supp. 92 (S.D.N.Y. 1996).......................................................................... 17

*McKee Elec. Co. v. Rauland-Borg Corp.,*
   20 N.Y.2d 377, 283 N.Y.S.2d 34 (1967) ........................................................17-18

*Mende v. Milestone Technology, Inc.,*
   269 F. Supp. 2d 246 (S.D.N.Y. 2003) .................................................................... 5

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Barnum,*
   162 Misc.2d 245, 616 N.Y.S.2d 857 (Sup. Ct. N.Y. County 1994) ....................... 13

*Michaelson v. Hudson,*
   142 A.D.2d 560, 530 N.Y.S.2d 225 (2d Dep't 1988) ............................................. 8n

*Montesdeoca v. Krams,*
   194 Misc.2d 620, 755 N.Y.S.2d 581 (Civ. Ct. N.Y. City 2003),
   *aff'd,* 3 Misc.3d 131(A), 787 N.Y.S.2d 679 (App. Term N.Y. 2004)...................... 8n

*Nilsa B.B. v. Clyde Blackwell H.,*
   84 A.D.2d 295, 445 N.Y.S.2d 579 (2d Dep't 1981),
   *superseded by statute on other grounds as stated in*
   *Shirley D. v. Carl D.,* 224 AD.2d 60, 648 N.Y.S.2d 550 (2d Dep't 1996) ............... 14

*Omni Capital International v. Rudolf Wolf & Co.,*
   484 U.S. 97, 105-10 (1987) ................................................................................... 12

*Pope v. Rice,*
   No. 04 Civ. 4171 (DLC), 2005 WL 613085 (S.D.N.Y. Mar. 14, 2005).................... 8

*Preston v. New York,*
   223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002), *aff'd,* 87 Fed. Appx. 221 (2d Cir. 2004) ............... 4

*Realuyo v. Villa Abrille,*
   No.01 Civ. 10158 (JGK), 2003 WL 21537754 (S.D.N.Y. July 8, 2003),
   *aff'd,* 93 Fed. Appx. 297 (2d Cir. 2004) .......................................................................... 17, 19-20

*Robinson v. Overseas Military Sales Corp.,*
   21 F.3d 502 (2d Cir. 1994) .................................................................................................. 5

*Smith v. Circus-Circus Casinos, Inc.,* 304 F. Supp. 2d 463, 465 (W.D.N.Y. 2003) ................... 15

*Spencer Trask Ventures, Inc. v. Archos S.A.,* No. 01 CIV. 1169 (LAP), 2002 WL 417192
   (S.D.N.Y. March 18, 2002) ................................................................................................ 15

*State Street Bank and Trust Co. v. Arganese,*
   Nos. 95 Civ. 0440 (PKL), 95 Civ. 0442 (PKL),
   1996 WL 97186 (S.D.N.Y. March 5, 1996) ...................................................................... 13

*Stewart v. Vista Point Verlag,*
   20 Fed. Appx. 91 (2d Cir. 2001) ........................................................................................ 12

*Tauza v. Susquehanna Coal Co.,*
   220 N.Y. 259 (1917) .......................................................................................................... 16

*Trell v. American Ass'n of Advancement of Science,*
   No. 04-CV-0030E(Sr), 2007 WL 1500497 (W.D.N.Y. May 21, 2007) ....................... 14, 15-16

*Wiwa v. Royal Dutch Petroleum, Co.,*
   226 F.3d 88 (2d Cir. 2000), *cert. denied,* 532 U.S. 941 (2001) .............................................. 16

*Zirbes v. Stratton,*
   187 Cal.App.3d 1407, 232 Cal.Rptr. 653 (Cal. App. 2 Dist. 1986) ........................................ 11

## RULES AND STATUTES

C.C.P. § 415.20(b) ........................................................................................................ 9, 10, 11
   § 416.60 ............................................................................................................................ 9
   § 416.70 ............................................................................................................................ 9
   § 461.80 ............................................................................................................................ 9
   § 416.90 ............................................................................................................................ 9

C.P.L.R. § 301 .......................................................................................................... passim
   § 302 ............................................................................................................................... 20
   § 302(a)(1) ................................................................................................................... 18, 19
   § 308(2) ........................................................................................................................... 6, 7

§ 308(6)..............................................................................................................8

Copyright Act,
    17 U.S.C. §§ 101, et seq..............................................................................12


Fed. R. Civ. P. 4(e) .........................................................................................5
    4(e)(2) ...................................................................................................6, 11
    12(b)(2) ...........................................................................................2, 5, 20
    12(b)(5) ...........................................................................................2, 4, 20

Defendant Mario Lavandeira, a/k/a Perez Hilton ("Lavandeira" or "Defendant"), by his undersigned counsel, submits this memorandum of law, together with the Declaration of Jeffrey M. Eilender ("Eilender Declaration"), dated August 13, 2007, and the exhibits thereto, and the Declaration of Mario Lavandeira ("Lavandeira Declaration"), dated August 10, 2007, in support of his motion to dismiss the Complaint of Plaintiff Ken Knight ("Knight" or "Plaintiff") pursuant to Fed. R. Civ. Proc. 12(b)(5), on the grounds of insufficient service of process, and Fed. R. Civ. Proc. 12(b)(2), for lack of personal jurisdiction. A copy of the Complaint is attached to the Eilender Declaration as Exhibit 1.

## PRELIMINARY STATEMENT

The Complaint purports to allege two claims for copyright infringement arising out of a single posting by Lavandeira of a photograph taken by Plaintiff on Lavandeira's website, PerezHilton.com. Setting aside the question of whether those claims have any merit, they cannot be heard by this Court.

Plaintiff alleges no specific basis for this Court finding that it has personal jurisdiction over Lavanderia in this case. Indeed, the Complaint acknowledges that Lavandeira is a resident of the state of California, and does not specifically allege that Lavandeira has any contacts with the state of New York, whether business or otherwise. The only possible basis offered by the Complaint for finding that that Lavandeira is subject to the personal jurisdiction of this Court is the wholly conclusory allegation that Lavandeira does business in the state of California, and worldwide, via his website PerezHilton.com, and that venue is appropriate in this District because Lavandeira does business in New York City. Those allegations, even if taken as true, are not sufficient to support a finding of personal jurisdiction over a non-domiciliary under New York law. Accordingly, the Complaint must be dismissed.

2

The Complaint must also be dismissed for failing to properly serve Lavandeira with the Summons and Complaint in this action. The proof of service filed by Plaintiff on July 12, 2007 ("Proof of Service") (Eilender Declaration, Ex. 2) shows that Plaintiff claims to have served Lavandeira by "substituted service". Because the Proof of Service establishes that the claimed substituted service was not made in accordance with either Federal law, or the law of New York or California, the Complaint must be dismissed on the grounds of insufficient service of process.

## BACKGROUND

The following facts are taken from the Complaint, and are assumed to be true solely for purposes of this motion.

The Complaint alleges that Lavandeira is a California resident who operates a website with the URL http://www.perezhilton.com. (Complaint ¶ 2, 3.)

Plaintiff is a resident of the state of Louisiana, (Complaint ¶ 1) and a professional photographer. (*Id.* ¶ 7.) According to the Complaint, on or about March 9, 2000, Plaintiff created an image of Jason Allen Alexander, a young man who subsequently achieved prominence by virtue of his January 3, 2004 marriage to the recording artist Britney Spears. (*Id.* ¶¶ 8, 11, 12.) The marriage was annulled some 55 hours later, on or about January 6, 2004. (*Id.* ¶ 11.) Plaintiff registered his March 2000 photograph of Mr. Alexander with the United States Copyright Office on January 9, 2004. (*Id.* ¶ 9.)

According to the Complaint, on or about February 26, 2007, Lavandeira posted the March 2000 photograph of Mr. Alexander on his website without Plaintiff's knowledge, permission, or consent. (*Id.* ¶¶ 18, 19.) The Complaint further alleges that Plaintiff has not made the subject image available to any photographic stock agency or otherwise "initiated" third

party licensing of the image, (*id.* ¶ 15), but that Plaintiff has been damaged by Lavandeira's display thereof. (*Id.* ¶¶ 36, 41.)

Plaintiff filed the Complaint on May 11, 2007, but did not attempt to serve Lavandeira until May 21, 2007. On that date, according to the Proof of Service, a process server retained by Plaintiff attempted to "personally serve" Lavandeira at the address of 8174 Sunset Boulevard, #993, Los Angeles, California 90046, but was unable to do so because that address is a P.O. box and the "person in charge" was not in. (Eilender Declaration, Ex. 2 at 2.) The process server attempted to serve Lavandeira at the P.O. box later that day, and again on the following morning, before leaving a copy of the summons and complaint with a teller at the P.O. box on May 22, 2007. (*Id.*) Plaintiff claims to have thereby effected "substituted service" on Lavandeira. (*Id.* at 1.)

## ARGUMENT

### I. LEGAL STANDARD

"[I[n considering a motion to dismiss pursuant to 12(b)(5) for insufficiency of process, a Court must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.,* 191 F.Supp.2d 382, 387 (S.D.N.Y. 2002). "Conclusory statements that a defendant was properly served are insufficient to overcome a defendant's sworn affidavit that he was never served with process." *Howard v. Klynveld Peat Marwick Goerdeler,* 977 F. Supp. 654, 658 (S.D.N.Y. 1997), *aff'd,* 173 F.3d 844 (2d Cir. 1999). When a defendant challenges the sufficiency of service of process under Rule 12(b)(5), "the plaintiff bears the burden of proving its adequacy." *Preston v. New York,* 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002), *aff'd,* 87 Fed. Appx. 221 (2d Cir. 2004).

Likewise, on a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999). "Conclusory allegations are not enough to establish personal jurisdiction." *Mende v. Milestone Technology, Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (citation and quotations omitted). While the Court will not "draw 'argumentative inferences' in the plaintiff's favor," it will "construe jurisdictional allegations liberally and take as true uncontroverted factual allegations." *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994).

## II.    PLAINTIFF'S "SUBSTITUTED SERVICE" WAS DEFICIENT AS A MATTER OF LAW

Service of process may be effected upon an individual in any judicial district of the United States either "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons" upon a defendant in that state's courts, or "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Here, Plaintiff has filed a Proof of Service which claims that "substituted service" was effected upon Lavandeira on May 22, 2007, when a process server retained by Plaintiff left a copy of the summons and complaint "with or in the presence of" a teller at the private P.O. box where Lavandeira maintains a mailbox in Los Angeles, California. (Eilender Declaration, Ex. 2.) On the following day, the process server mailed copies of the summons and complaint by first-class mail to Lavandeira at that address. (*Id.*) The Proof of Service includes a declaration of diligence ("Declaration of Diligence") which attests

5

that the process server made due and diligent effort to personally serve Lavandeira by making three prior trips to the site of the P.O. box on May 21, 2007 and May 22, 2007. (*Id.*) According to the Proof of Service, the process server was unable to personally serve Lavandeira because, on each of those prior visits, the "[p]erson in [c]harge" of the P.O. box was not in. (*Id.*)

Such service does not comport with Fed. R. Civ. P. 4(e)(2), nor does it satisfy the requirements for service of process under the law of the forum state of New York, or California, the state in which service is claimed to have been effected.

## A. Service Under Federal Law

As set forth above, service under Fed. R. Civ. P. 4(e)(2) requires that a copy of the summons and complaint be delivered personally to either the defendant or an authorized agent, or that copies be left at the defendant's usual place of abode with a person of suitable age and discretion who resides therein. The Proof of Service here attests to neither, thus service was not effected under Fed. R. Civ. P. 4(e)(2).

## B. Service Under New York Law

New York law provides for service of process on a natural person by, *inter alia,* delivering the summons and complaint "to a person of suitable age and discretion at the actual place of business . . . of the person to be served and by . . . mailing the summons by first class mail to the person to be served at his or her actual place of business." C.P.L.R. § 308(2). Where the foregoing method is used, "proof of such service shall be filed with the clerk of the court designated in the summons within twenty days of either such delivery or mailing, whichever is effected later." *Id.* Service is only deemed to have been properly completed "ten days after such filing". Thus, "'leave and mail' service under Section 308(2) is ineffective where a plaintiff does not file proof of service with the clerk within twenty days of the date on which the process server mailed the summons and complaint." *Howard, supra,* 977 F. Supp. at 660.

6

Plaintiff filed the Proof of Service on July 12, 2007. (Eilender Declaration, Ex. 2.) The Proof of Service attests that the summons and complaint were left at Lavanderia's "office or usual place of business" on May 22, 2007, and that copies were mailed to that address on May 23, 2007. (*Id.*) Plaintiff thus failed to file the Proof of Service within the twenty days required by C.P.L.R. § 308(2), thereby rendering any claimed service thereunder ineffective. *Howard, supra,* 977 F. Supp. at 660; *Pope v. Rice,* No. 04 Civ. 4171 (DLC), 2005 WL 613085, at *15 (S.D.N.Y. Mar. 14, 2005) ("Because failure to file proof of service is a jurisdictional defect, all claims against [defendant] are dismissed due to insufficient service of process.").

Even if Plaintiff had filed the Proof of Service in a timely fashion, the alleged service would nonetheless be defective because the process server did not leave the complaint and summons at Lavandeira's "actual place of business." C.P.L.R. § 308(2). In order for a particular office or locale to qualify as a defendant's actual place of business, "[t]here must be an identification of the defendant's business with the place, such as comes with employment or proprietorship[.]" *Glasser v. Keller,* 149 Misc.2d 875, 877, 567 N.Y.S.2d 981, 982 (Sup. Ct. Queens County 1991). This is so because "[s]ubstituted service to a person of suitable age and discretion at a defendant's actual place of business presumes that the business relationship between the deliveree and the defendant will induce the prompt redelivery of the summons to the defendant[.]" *Ascensio-Sutphen v. McDonald's Corp.,* 16 Misc.3d 184, 838 N.Y.S.2d 403, 407 (Sup. Ct. Bronx County 2007) (internal quotations and citation omitted).

It cannot be disputed that Lavandeira is not an employee of the private P.O. box where the summons and complaint were delivered, nor does he have any proprietary interest therein. While he does maintain a mailbox at that location, (Lavandeira Declaration ¶ 9), Lavandeira uses the location solely as a mailing address. (*Id.*) He has not held out the address as

7

his place of business through regular solicitation or advertisement.  (*Id.*); C.P.L.R. § 308(6) (defendant's "actual place of business" deemed to include "any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.")  Because Plaintiff cannot demonstrate any basis for finding that the relationship between Lavandeira and the teller at the private P.O. box where he receives mail was such that it would create a duty, obligation or reasonable reliance that redelivery would occur, the "substituted service" effected by Plaintiff was insufficient, and the Complaint should therefore be dismissed.[1]  *Kearney v. Neurosurgeons of New York,* 31 A.D.3d 390, 817 N.Y.S.2d 502 (2d Dep't 2006) (dismissing complaint where plaintiffs failed to establish that service was properly effected at defendant's actual place of business); *Asencio-Sutphen, supra,* 16 Misc.3d at 188, 838 N.Y.S.2d at 407 (dismissing complaint for insufficient service and finding that fast food restaurant where security guard worked as an independent contractor could not be considered security guard's "actual place of business"); *Borges v. Entra America, Inc.,* 7 Misc.3d 1032(A), 801 N.Y.S.2d 230, 2005 WL 1355144 (Civ. Ct. N.Y. City 2005) (retired defendant's former office did not have constitute defendant's "actual place of business.").

### C.  Service Under California Law

Like New York, California authorizes substituted service in lieu of personal delivery of process to the person to be served:

---

[1] Even if service on a private mailbox could be considered good service, *see Mandel v. Brodsky,* 282 A.D. 1038, 126 N.Y.S.2d 280 (1st Dep't 1953) (under former Civil Practice Act, substituted service effected pursuant to court order by deposit of a copy of summons in defendant's post-office box constituted valid service), Plaintiff's failure to demonstrate any attempt to secure the actual residential or business address of Lavandeira and serve process there would render such service defective. *Michaelson v. Hudson,* 142 A.D.2d 560, 530 N.Y.S.2d 225 (2d Dep't 1988) (service of process was defective where it consisted solely of mailing to P.O. box "and no explanation was suggested as to why process was not affixed to the door of defendant's residence"); *Montesdeoca v. Krams,* 194 Misc.2d 620, 755 N.Y.S.2d 581 (Civ. Ct. N.Y. City 2003) (service upon private mailbox was defective where plaintiff failed to "show attempts to find and secure the real residential or business address of the defendant and serve process there"), *aff'd,* 3 Misc.3d 131(A), 787 N.Y.S.2d 679 (App. Term N.Y. 2004).

[B]y leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

C.C.P. § 415.20(b). Unlike the law of New York however, California law provides that such a method may only be utilized "[i]f a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in Section 416.60, 416.70, 461.80, or 416.90". *Id.* Consistent with the Legislative comment to that section, California courts have construed this provision to require that "[p]ersonal delivery must be attempted in all cases where this alternative method of service is used." *Burchett v. City of Newport Beach,* 33 Cal.App.4th 1472, 1477, 40 Cal.Rptr.2d 1, 3 (Cal. App. 4 Dist. 1995).

Absent a showing that personal service was diligently attempted, substituted service will be set aside as ineffective. *Giannini v. Real,* 711 F. Supp. 992, 15 Fed. R. Serv. 3d 559 (C.D. Cal. 1989) (vacating default judgment where plaintiff failed to allege that "defendants could not be reached at their current addresses, or that any attempt at personal service was made" before undertaking substituted service), *aff'd,* 911 F.2d 354 (9th Cir. 1990), *cert. denied,* 498 U.S. 1012 (1990); *Burchett, supra,* 33 Cal.App.4th at 1478, 40 Cal.Rptr.2d at 4 (substituted service was properly quashed where proof of service indicated no attempt at personal service); *Evartt v. Superior Court of Stanislaus County,* 89 Cal.App.3d 795, 802, 152 Cal.Rptr. 836, 840 (Cal. App. 5 Dist. 1979) (quashing substituted service and dismissing complaint where plaintiff "failed to comply with the mandatory prerequisite to such service by exercising reasonable diligence to effect personal service"). For purposes of establishing reasonable diligence in this context, California courts have held that "[o]rdinarily . . . two or three attempts at personal

9

service at a **proper place** should fully satisfy the requirement of reasonable diligence and allow substituted service to be made." *Espindola v. Nunez,* 199 Cal.App.3d 1389, 1392, 245 Cal.Rptr. 596 (Cal. App. 4 Dist. 1988) (quotations and citation omitted) (emphasis supplied).

There has been no such reasonable diligence here. The Declaration of Diligence accompanying the Proof of Service indicates no attempt at personal service; rather, the process server's sole allegation of reasonable diligence is that he visited the private P.O. box where Lavandeira maintains a mailbox on three occasions over two days, and that each time the "person in charge" was not in. (Eilender Declaration, Ex. 2.) Because that location cannot be considered a "proper place" where personal service was likely to be effected, the Declaration of Diligence falls far short of the requirements of C.C.P. § 415.20(b). *See, e.g., Kott v. Superior Court,* 45 Cal.App.4th 1126, 1138, 53 Cal.Rptr.2d 215, 221 (Cal. App. 2 Div. 1996) (despite having hired private investigator, plaintiff failed to use reasonable diligence in attempting to locate defendant's address in Canada where plaintiff failed to pursue "obvious avenues for obtaining the information" such as requesting it of defendant's counsel); *Gianni, supra,* 711 F. Supp. at 998 (finding no reasonable diligence where plaintiff did not attempt to serve defendants at their current addresses or otherwise make any attempt at personal service); *Burchett, supra,* 33 Cal.App.4th at 1476, 40 Cal.Rptr.2d at 2-3 (substituted service was ineffective where plaintiff made no attempt at personal service).

Indeed, even if Plaintiff had demonstrated the requisite diligence in attempting to serve Lavandeira personally, the substituted service described in the Proof of Service would nonetheless be ineffective under C.C.P. § 415.20(b). The private P.O. box where the summons and complaint were left was neither Lavandeira's "usual place of abode" or "usual place of business", as required by C.C.P. § 415.20(b). *See Kott, supra,* 45 Cal.App.4th at 1131, 53

10

Cal.Rptr.2d at 217 (quashing substituted service where defendant was only an independent contractor for the office at which summons and complaint were left); *Zirbes v. Stratton,* 187 Cal.App.3d 1407, 1418, 232 Cal.Rptr. 653, 659-60 (Cal. App. 2 Dist. 1986) (substituted service at restaurant of defendant's ex-husband in which defendant had a community interest was not effective where defendant had not worked there for several years and service on home of defendant's parents was also ineffective when that location was not defendant's usual place of abode). And while C.C.P. § 415.20(b) permits service at a defendant's "usual mailing address other than a United States Postal Service post office box", that provision has been held to exclude private P.O. boxes. *Bonita Packing Co. v. O'Sullivan,* 165 F.R.D. 610, 613 (C.D. Cal. 1995) ("Substituted service at a private mail box address does not comply with C.C.P. § 415.20(b)."). That result is consistent with the requirements of due process, as "[t]he owner of a private post office box company is not a person who has a sufficient relationship to the renter of a private post office box to assure that the renter will receive actual notice of a pending legal proceeding." *Id.* at 614; *but see, Ellard v. Conway,* 94 Cal.App.4th 540, 114 Cal.Rptr.2d 399 (Cal. App. 4 Dist. 2001) (upholding substituted service on manager of private post office box where, after attempting unsuccessfully to serve defendants at their previous home address, process server contacted the United States Postal Service and was informed that private post office box was defendants' only forwarding address).

Because Plaintiff's substituted service was deficient pursuant to New York and California law, and also failed to satisfy the requirements of Fed. R. Civ. P. 4(e)(2), the Complaint should be dismissed. Moreover, because, as demonstrated below, this Court has no personal jurisdiction over Lavandeira, the Court should decline to grant Plaintiff leave to perfect service, as such service would be futile.

### III.   THIS COURT HAS NO PERSONAL JURISDICTION OVER LAVANDEIRA

The Complaint alleges claims arising under the Copyright Act, 17 U.S.C. §§ 101, et seq. Because that statute does not provide for nationwide service of process, the issue of personal jurisdiction must be determined according to the law of New York. *See Omni Capital International v. Rudolf Wolf & Co.,* 484 U.S. 97, 105-10 (1987); *Stewart v. Vista Point Verlag,* 20 Fed. Appx. 91, 92 (2d Cir. 2001); *Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 27 (2d Cir. 1997). This inquiry is two-fold. "If the exercise of jurisdiction is appropriate under [the forum state's statutes] the court then must decide whether such exercise comports with the requisites of due process." *Bensusan,* 126 F.3d at 27.

The Complaint does not allege any basis for finding that Lavandeira is subject to the personal jurisdiction of this Court. Indeed, the Complaint acknowledges that Lavanderia is a non-domiciliary of New York and resident of California. (Complaint ¶ 2.) Despite this fact, the Complaint fails to set forth any specific jurisdictional allegations, but simply alleges in a wholly conclusory fashion that Lavandeira "is, upon information and belief, doing business in the state of California, and worldwide via the internet, under the name Perez Hilton as the sole owner and operator of the Internet website located at http://www.perezhilton.com", (Complaint ¶ 3) and that "defendant does a significant amount of business in New York City." (*Id.* ¶ 6.) In addition to being wholly deficient, *see Jazini by Jazini v. Nissan Motor Co.,* 148 F.3d 181, 185 (2d Cir. 1998) (conclusory allegations are insufficient to support a prima facie showing of personal jurisdiction), neither allegation provides a sufficient basis for exercising personal jurisdiction over Lavanderia here.

### A.   General Jurisdiction

Under Section 301 of the C.P.L.R., "[a] court may exercise such jurisdiction over persons, property, or status as might have been exercised heretofore." Such jurisdiction is

considered "general" in that it renders a defendant subject to suit in New York on any cause of action, whether or not related to any act committed in New York. *See State Street Bank and Trust Co. v. Arganese,* Nos. 95 Civ. 0440 (PKL), 95 Civ. 0442 (PKL), 1996 WL 97186, at *1 (S.D.N.Y. March 5, 1996). In order to support a finding of general jurisdiction under C.P.L.R. § 301, a defendant's contacts with the forum state must therefore be substantial. *Id.*

New York courts have historically required that an individual defendant be domiciled in or personally served while present in New York, or that they have consented to or otherwise waived any objection to New York jurisdiction in order for that defendant to be held subject to the court's general jurisdiction under C.P.L.R. § 301. *Id.* at *2; *Geller Media Management, Inc. v. Beaudreault,* 910 F. Supp. 135, 137 (S.D.N.Y. 1996); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Barnum,* 162 Misc.2d 245, 250, 616 N.Y.S.2d 857, 861 (Sup. Ct. N.Y. County 1994). No such facts are alleged here.

The Lavandeira Declaration demonstrates that Lavandeira has been a domiciliary of California since at least November 2005. (Lavandeira Declaration ¶ 4.) Apart from an eight month period from March to November 2005, during which time he resided in New York City, Lavandeira has been a full-time resident of Los Angeles since August 2002. (*Id.*) He currently rents an apartment in Los Angeles which serves as both his residence and home office. (*Id.* ¶ 5.)

Lavandeira holds a California driver's license, maintains a California bank account and pays taxes in California. (*Id.* ¶ 6.) Los Angeles is his permanent residence and it is his current intention that Los Angeles continue to be his permanent residence. (*Id.*) It is thus clear that Lavandeira, as a non-domiciliary of New York, would only be subject to the general jurisdiction of this Court if he was served in New York or consented to such jurisdiction, neither of which is alleged here.

13

Certain New York courts have also found that a non-domiciled individual may be subject to general jurisdiction under C.P.L.R. § 301 where that individual is "engaged in such a continuous and systematic course of 'doing business' in New York as to warrant a finding of 'presence' in the state." *Brought to Life Music, Inc. v. MCA Records, Inc.*, No. 02 CIV. 1164 (RWS), 2003 WL 296561, at *4 (S.D.N.Y. Feb. 11, 2003) (quotations and citation omitted). Whether this standard may rightfully be applied to individuals under C.P.L.R. § 301 is a matter of some debate: "[w]hile it is well settled that a *foreign corporation* that is 'doing business' in New York is considered 'present' in the state, and can be subject to general jurisdiction under CPLR § 301, the law is unclear with respect to whether a non-domiciled *person* can be subject to CPLR § 301 jurisdiction on that same 'doing business' basis." *Trell v. American Ass'n of Advancement of Science*, No. 04-CV-0030E(Sr), 2007 WL 1500497, at *3 (W.D.N.Y. May 21, 2007) (internal citations omitted) (emphasis in the original); *see also, Hoffritz for Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 58 (2d Cir. 1985) (acknowledging that the question of subjecting an individual doing business in New York to C.P.L.R. § 301 jurisdiction is unsettled, but not deciding the question because the doing business standard was not met in that case); *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Supp. 2d 722, 732 (S.D.N.Y. 2001) (Sand, J.) (same); *Laufer v. Ostrow*, 55 N.Y.2d 305, 313, 449 N.Y.S.2d 456 (1982) (suggesting that C.P.L.R. § 301 may be applicable to individuals doing business in New York in limited instances, but also not deciding the question because the individual's contacts with New York in that case were too insubstantial); *Nilsa B.B. v. Clyde Blackwell H.*, 84 A.D.2d 295, 445 N.Y.S.2d 579 (2d Dep't 1981) (holding that C.P.L.R. § 301 was not intended to reach individuals), *superseded by statute on other grounds as stated in Shirley D. v. Carl. D.*, 224 A.D.2d 60, 648 N.Y.S.2d 550 (2d Dep't 1996); *but see ABKCO Industries, Inc. v. Lennon*, 52

14

A.D.2d 435, 384 N.Y.S.2d 781 (1st Dep't 1976) (finding "an exception to the norm" and applying a "departure from established principle and precedent" because the defendant, a member of The Beatles, exploited his musical recordings through New York accountants and attorneys whom he had retained on a continuing basis.").

Whether or not the "doing business" standard may be applied to individuals, it is clear that Plaintiff has failed to allege facts that would support a finding that Lavandeira is subject to general jurisdiction on that basis. *Jazini by Jazini, supra*, 148 F.3d at 185. The Complaint alleges only that Lavandeira "is, upon information and belief, doing business in the state of California, and worldwide via the internet as the sole owner and operator of" the website PerezHilton.com. (Complaint ¶ 3.) That allegation will not support a finding of general jurisdiction under C.P.L.R. § 301. *See Smith v. Circus-Circus Casinos, Inc.*, 304 F. Supp. 2d 463, 465 (W.D.N.Y. 2003) (rejecting argument that operation of website accessible to potential customers in New York supported a finding of general jurisdiction under C.P.L.R. § 301 because "[s]uch an argument would subject those who maintain websites to personal jurisdiction anywhere in the world"); *Spencer Trask Ventures, Inc. v. Archos S.A.*, No. 01 CIV. 1169 (LAP), 2002 WL 417192, at *6 (S.D.N.Y. March 18, 2002) ("[T]he fact that a foreign corporation has a website accessible to New York is insufficient to confer jurisdiction under CPLR § 301.").

As New York courts have repeatedly held, "[t]he 'doing business' standard of CPLR § 301 is a stringent one, requiring a plaintiff to show that a defendant engaged in 'continuous, permanent, and substantial activity in New York.'" *Trell, supra,* 2007 WL 1500497, at *4 (quoting *Landoil Resources Corp. v. Alexander & Alexander Services, Inc. ,* 918 F.2d 1039, 1043 (2d Cir. 1991)); *see also, Wiwa v. Royal Dutch Petroleum, Co.,* 226 F.3d 88, 95 (2d Cir. 2000), *cert. denied,* 532 U.S. 941 (2001). Allegations that a defendant was

"occasionally or casually" engaged in the activity within the state will not suffice. *Tauza v. Susquehanna Coal Co.*, 220 N.Y. 259, 267 (1917). "New York courts, in applying the pragmatic test for section 301 jurisdiction, have focused upon factors including: the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state and the presence of employees of the foreign defendant in the state." *Hoffritz, supra,* 763 F.2d at 58 (citations omitted). None of those factors is present here.

As the accompanying Lavandeira Declaration demonstrates, Lavandeira created the website PerezHilton.com in September 2004, while a resident of California. (Lavandeira Declaration ¶ 7.) Lavandeira maintains and operates the site from his home office in Los Angeles, California. (*Id.* ¶ 8.) Lavandeira does not maintain an office or have any employees in New York, nor does he hold any bank accounts in the state. (*Id.* ¶ 11.)

Given such facts, Plaintiff's wholly conclusory allegations will not support a finding that Lavandeira is subject to this Court's general jurisdiction on a "doing business" basis. *See, e.g., Jacobs, supra,* 160 F. Supp. 2d at 733 (four to five trips a year to New York to acquire rights to plays not sufficient to bring defendants within general jurisdiction of court where defendants' business was production and promotion of plays in Europe); *Hoffritz, supra,* 763 F.2d at 57-58 (fifty-four visits to New York to discuss franchise business with plaintiff not enough to confer jurisdiction under C.P.L.R. § 301); *Acquascutum of London, Inc. v. S.S. American Champion,* 426 F.2d 205, 211-12 (2d Cir. 1970) (contracting for delivery of goods to New York and visits to solicit business in New York "every few months" insufficient); *Brought to Life, supra,* 2003 WL 296561, at * 4 (involvement in musical recordings produced in New York, deriving income from the sale of musical recordings nationwide, including New York, producing musical performances in New York and co-publishing relationship with New York

entity not sufficient to confer general jurisdiction); *Realuyo v. Villa Abrille,* No.01 Civ. 10158 (JGK), 2003 WL 21537754 (S.D.N.Y. July 8, 2003) (paying for son's New York apartment, maintaining a bank account in the state and travel to New York in connection with business insufficient to bring defendant within scope of C.P.L.R. § 301), *aff'd,* 93 Fed. Appx. 297 (2d Cir. 2004); *First Capital Asset Mgmt., Inc. v. Brickellbush,* 218 F. Supp. 2d 369, 393 (S.D.N.Y. 2002) (ownership and sale of New York apartment, unspecified business transactions and New York bank accounts did not constitute "doing business" under C.P.L.R. § 301); *Bozell Group, Inc. v. Carpet Co-Op of America Ass'n, Inc.,* No. 00CIV. 1248 (RWS), 2000 WL 1523282, at *5 (S.D.N.Y. Oct. 11, 2000) (two visits to New York for business purposes in three months not sufficient); *Mantello v. Hall,* 947 F. Supp. 92, 98 (S.D.N.Y. 1996) (entering into licensing agreements with New York entities or individuals for rights to produce plays, auditioning and hiring New York actors for productions and membership and participation in New York-based unions not sufficient to confer general jurisdiction), *vacated on other grounds by,* No. 98 Civ. 4871, slip op. (S.D.N.Y. 1999); *Insurance Co. of Penn. v. Centaur Ins. Co.,* 590 F. Supp. 1187, 1189 (S.D.N.Y. 1984) ("[t]he mere existence of a business relationship with entities within the forum state is insufficient to establish presence"); *Dogan v. Harbert Const. Corp.,* 507 F. Supp. 254, 260 (S.D.N.Y. 1980) ("Occasional visits, even to negotiate a contract, have been found to fall short of the 'doing business' standard.").

**B.    Specific Jurisdiction**

In the absence of general jurisdiction under C.P.L.R. § 301, New York's long arm statute provides for jurisdiction over a nonresident defendant where the cause of action arises from the defendant's transaction of business in New York. C.P.L.R. § 302(a)(1). New York courts define "transacting business" as purposeful activity – "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus

invoking the benefits and protections of its laws.'" *McKee Elec. Co. v. Rauland-Borg Corp.,* 20

N.Y.2d 377, 382, 283 N.Y.S.2d 34, 37-38 (1967) (quoting *Hanson v. Denckla,* 357 U.S. 235, 253

(1958)).

       In order for long-arm jurisdiction to lie, Plaintiff must demonstrate "both that the

Defendant[] transacted business in the state and that the [Plaintiff's] cause of action arose from

that business." *Jacobs, supra,* 160 F.Supp.2d at 739. Moreover, "[i]t is well-settled that the

relationship between the claim and the in-state transaction must be 'direct'." *Id., (*citing *Hoffritz,*

763 F.2d at 61; *Anderson v. Indiana Black Expo, Inc.,* 81 F. Supp. 2d 494, 500, 501 (S.D.N.Y.

2000) ("A claim arises out of a party's transaction of business when there is a 'substantial nexus'

between the transaction of business and the cause of action sued upon.")). In determining

whether the defendant transacted business within the state, the Court must consider the "totality

of the circumstances". *Jacobs,* 160 F.Supp.2d at 739.

       Here, the Complaint fails to allege *any* business that was transacted by Lavandeira

within the state of New York, let alone how Plaintiff's infringement claims arose out of that

business. Indeed, it appears from the Complaint that this dispute between a resident of

California and a resident of Louisiana, has no relationship to the state of New York whatsoever,

apart from the fact that Lavandeira's website may be viewed there. (Complaint ¶ 3.) That is

precisely the sort of contact that New York courts have repeatedly rejected as a basis for long-

arm jurisdiction under C.P.L.R. § 302(a)(1): "[m]aintaining a website that may be accessed by

residents of New York is by itself insufficient to confer personal jurisdiction." *Light v. Taylor,*

No. 05 Civ. 5003 WHP, 2007 WL 274798, at *3 (S.D.N.Y. Jan. 29, 2007); *see also, Best Van*

*Lines, Inc. v. Walker,* 490 F.2d 239, 250 (2d Cir. 2007) ("the posting of defamatory material on a

website accessible in New York does not, without more, constitute 'transact[ing] business' in

New York for purposes of New York's long-arm statute"); *citing Realuyo, supra,* 2003 WL 2157734, at *7 (availability of article on website, without more, does not amount to "transaction of business" for purposes of section 302(a)(1)).

It is clear from the Complaint that Plaintiff's infringement claims arise solely from the display of Plaintiff's alleged photograph on the PerezHilton.com site. That the image could thereby be viewed by users in New York, or anywhere in the world, is not a sufficient basis for this Court's exercise of long-arm jurisdiction over Lavandeira. *See Best Van Lines, supra,* 490 F.3d at 253 (finding that defamation action was properly dismissed where claims arose solely from "allegedly defamatory statements posted on a website accessible to readers in New York"); *Light, supra,* 2007 WL 274798, at *4 (dismissing copyright infringement action for lack of personal jurisdiction and noting that "posting [the disputed] image to two websites is by itself insufficient to establish personal jurisdiction over" defendant); *Lenahan Law Offices, LLC v. Hibbs,* No.04-CV-6376 CJS, 2004 WL 2966926, at *6 (W.D.N.Y. Dec. 22, 2004) (dismissing claims where allegations regarding aspects of website that could be considered to be transacting business "do not support any argument that the claims made in the complaint . . . arose from those transactions or contracts to supply goods or services"); *Realuyo, supra,* 2003 WL 21537754, at *7 (dismissing defamation claim where plaintiff's claim arose "solely from the aspect of the website from which anyone – in New York or throughout the world – could view and download the allegedly defamatory article.").

C.    **Due Process**

Plaintiff has failed to demonstrate that this Court has either general or specific jurisdiction over Lavandeira for purposes of entertaining this lawsuit. It is thus not necessary to address whether the exercise of jurisdiction over Lavandeira would be compatible with the requirements of due process. *See, e.g., Best Van Lines, supra,* 490 F.3d at 242. It is clear,

however, that, having failed to establish contacts sufficient to support jurisdiction under either C.P.L.R. §§ 301 or 302, the exercise of personal jurisdiction in this case would not comport with the requirements of the Due Process Clause. *Id.* at 244 (noting that the reach of New York's long-arm statute does not extend to the full limit of what is permitted under the Due Process Clause).

## CONCLUSION

For the foregoing reasons, the Complaint must be dismissed under Rule 12(b)(5), on the grounds of insufficient service of process, and under Rule 12(b)(2) for lack of personal jurisdiction.

Dated: New York, New York
       August 13, 2007

                        **SCHLAM STONE & DOLAN, LLP**

By: _____
             Jeffrey M. Eilender
             Cindy M. McBennett
             26 Broadway
             New York, NY 10004
             (212) 344-5400 (Telephone)
             (212) 344-7677 (Facsimile)

             *Attorneys for Defendant Mario Lavandeira,*
             *a/k/a, Perez Hilton*